UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Fort Myers Division)

Case No. _____

VALERIE MERCURIO,

    Plaintiff,

vs.

GULFSHORE INSURANCE, INC.,

    Defendant.

_____/

## COMPLAINT

### Count I: Family and Medical Leave Act

Plaintiff, Valerie Mercurio, sues defendants, Gulfshore Insurance, Inc., and shows:

### Introduction and Summary

1.  This is an discrimination and retaliation claim by Valerie Mercurio, a then-60-year-old woman fired by Gulfshore Insurance, Inc. ("Gulfshore"), **One**, after her having worked for the company 38 years, and, **Two**, within three weeks of her returning from a 12-week absence taken pursuant to the Family and Medical Leave Act ("FMLA") to recover from rotator-cuff surgery. The only reasons given to her as she was fired was that her "heart isn't in it anymore" and that her sales were low — although

they were not as low as those of three substantially younger male agents. Ms. Mercurio brings her retaliation claim pursuant to the FMLA and her discrimination claims pursuant to the Florida Civil Rights Act of 1992 (FCRA), under each of which she seeks all available relief.

## Jurisdiction and Venue

2. This Court has federal-question jurisdiction over Mercurio's FMLA claim pursuant to 28 U.S.C. § 1331; it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because her FCRA discrimination claims are so related to her FMLA termination claim that "they form part of the same case or controversy under Article III of the United States Constitution."

3. Venue is proper in the Fort Myers jurisdiction because the cause of action arose in Collier County, which is where Ms. Mercuio resides, where Gulfshore maintains its principal place of business and where the claims arose.

## Parties

4. Valerie Mercurio at all times material was a 60-year-old woman whom Gulfstream had employed since October 28, 1980. She was protected:

    a. by the FMLA, 29 U.S.C. § 2601, <u>et seq.</u>, because she was fired less than a month after her return to work;

    b. by the FCRA, § 760.01, <u>et seq.</u>, Fla. Stat., because she was, after 38 years on the job, presumptively qualified and was:

      i.     over 40 years old, and therefore protected the FCRA's age-discrimination provisions, and

      ii.     a woman, and therefore protected by the FCRA's sex-discrimination provision.

5.     Gulfshore is a Florida corporation that at all times material was:

     a.     "engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year," 29 U.S.C. § 2611(4)(A)(i), and is therefore an "employer" as defined by the FMLA; and

     b.     "employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year," § 760.02(7), Fla. Stat., and therefore an "employer" as defined by the FCRA.

## Conditions Precedent

6.     All conditions precedent have been satisfied, have been waived or would be futile.

## General Allegations

7.     Ms. Mercurio was terminated October 1, 2018 by Gulfshore as an insurance agent, a position that she he had held (with various job titles and responsibilities) since being hired October 24, 1980.

8. Ms. Mercurio was fired within three weeks of returning from 12 weeks that she took off pursuant to the Family and Medical Leave Act to have a torn rotator cuff repaired.

9. Gulfshore's president, Brad Hamemeier, told Ms. Mercurio that she was being terminated because she wasn't meeting her sales goals and that her "heart is not longer in it."

10. Sales records that Ms. Mercurio had seen just before the October 1 meeting, however, showed that three substantially younger males (who did not similarly get fired) had lower sales than she did — with a substantially easier commercial market to sell to and without any of them having been out on FMLA leave.

11. Mr. Hamemeier's response to Ms. Mercurio's assertion about the three younger agents was to tell Ms. Mercurio, "don't even go there."

12. Gulfshore's firing Ms. Mercurio because she had taken time off for surgery and recovery pursuant to her rights under the FMLA — causation of which can be inferred from the temporal proximity of her return to work and her termination — violated the FMLA.

13. As a direct, natural, proximate and foreseeable result of the actions of Gulfshore, Ms. Mercurio has suffered past and future pecuniary losses, i.e., lost wages and employment benefits as envisioned by 29 U.S.C. § 2617(a)(1)(A)(i) and (ii).

14. Gulfstream's firing Ms. Mercurio because she had taken time off pursuant to the FMLA was willful, as envisioned by 29 U.S.C. § 2617(c)(2), entitling Ms. Mercurio to recover liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

15. Ms. Mercurio is additionally entitled, pursuant 29 U.S.C. § 2617(a)(1)(B), to equitable relief, e.g., reinstatement or front pay.

16. Ms. Mercurio is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 29 U.S.C. 2617(a)(3).

WHEREFORE, Plaintiff, Valerie Mercurio, prays that this Court will:

**One**, enter a judgment that Gulfshore's termination of Ms. Mercurio violated Ms. Mercurio's rights under the FMLA;

**Two**, enjoin Gulfshore and its agents from continuing to violate Plaintiff's statutory rights under the FMLA and to make Ms. Mercurio whole through reinstatement, back pay and restoration of seniority and benefits;

**Three**, enter a judgment for Ms. Mercurio and against Gulfshore for damages, including liquidated damages;

**Four**, grant Ms. Mercurio her costs, reasonable attorney's fees and litigation expenses, and

**Five**, grant Ms. Mercurio such other and further relief as is just.

### Count II:  FCRA Claim for Age Discrimination

17. Plaintiff, Valerie Mercurio, realleges and adopts, as if fully set forth in Count II, the allegations of ¶¶ 1, 2, 3, 4(b), 5(b), 6, 7, 9, 10 and 11.

**Applicable Statutory Provisions**

18.     The FCRA provides in pertinent part at § 760.10(1), Fla. Stat., as follows:

It is an unlawful employment practice for an employer:

(a) To discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex, . . . [or] age. . . .

(b) To limit, segregate, or classify employees … in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's . . . sex, . . . [or] age. . . .

**Conditions Precedent**

19.     Gulfshore's firing Ms. Mercurio because her sales were down, but not firing three substantially younger males who were similar in all meaningful respects, raised the inference of age discrimination in violation of § 760.10(1), Fla. Stat.

20.     As a direct, natural, proximate and foreseeable result of the actions of Gulfshore, Ms. Mercurio has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

21.     In acting as it did towards Ms. Mercurio, Gulfshore acted with reckless indifference towards Ms. Mercurio's statutory rights against age discrimination, thereby justifying an award of punitive damages against it.

22. The age discrimination that Ms. Mercurio suffered, in violation of her statutory rights to be free from such discrimination, constituted irreparable harm for which there is no adequate remedy at law, thereby entitling her to equitable relief, e.g., reinstatement or front pay.

23. Ms. Mercurio is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Valerie Mercurio, prays that this Court will:

**One**, enter a judgment that Gulfshore's termination of Ms. Mercurio violated Ms. Mercurio's rights against age discrimination under the Florida Civil Rights Act of 1992;

**Two**, enjoin Gulfshore and its agents from continuing to violate Plaintiff's statutory rights under the FCRA and to make Ms. Mercurio whole through reinstatement, back pay and restoration of seniority and benefits;

**Three**, enter a judgment for Ms. Mercurio and against Gulfshore for damages, both compensatory and punitive;

**Four**, grant Ms. Mercurio her costs, reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), FLA. STAT.; and

**Five**, grant Ms. Mercurio such other and further relief as is just.

### Count III:  FCRA Claim for Sex Discrimination

24. Plaintiff, Valerie Mercurio, realleges and adopts, as if fully set forth in Count III, the allegations of ¶¶ 1, 2, 3, 4(b), 5(b), 6, 7, 9, 10 and 11, 18, 19, 20 and 23.

25. In acting as it did towards Ms. Mercurio, Gulfshore acted with reckless indifference towards Ms. Mercurio's statutory rights against sex discrimination, thereby justifying an award of punitive damages against it.

26. The sex discrimination that Ms. Mercurio suffered, in violation of her statutory rights to be free from such discrimination, constituted irreparable harm for which there is no adequate remedy at law, thereby entitling her to equitable relief, e.g., reinstatement or front pay.

WHEREFORE, Plaintiff, Valerie Mercurio, prays that this Court will:

*One*, enter a judgment that Gulfshore's termination of Ms. Mercurio violated Ms. Mercurio's rights against sex discrimination under the Florida Civil Rights Act of 1992;

*Two*, enjoin Gulfshore and its agents from continuing to violate Plaintiff's statutory rights under the FCRA and to make Ms. Mercurio whole through reinstatement, back pay and restoration of seniority and benefits;

*Three*, enter a judgment for Ms. Mercurio and against Gulfshore for damages, both compensatory and punitive;

*Four*, grant Ms. Mercurio her costs, reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), FLA. STAT.; and

*Five*, grant Ms. Mercurio such other and further relief as is just.

Respectfully submitted,

*/s/ Karen Coolman Amlong*
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
The Amlong Firm
500 Northeast Fourth St.
Suite 101
Fort Lauderdale, Florida 33301
(954)462-1983

***Attorneys for Plaintiff,
Valerie Mercurio***

\\amlong3\cpshare\CPWin\HISTORY\200520_0001\1611.17