UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Fort Myers Division)

Case No. 2:21-cv-00729-SPC-NPM

VALERIE MERCURIO,

     Plaintiff,

vs.

GSIRM HOLDINGS, INC., f/k/a
Gulfshore Insurance, Inc., n/k/a
ACRISURE, LLC, d/b/a "Gulfshore
Insurance,"

     Defendant.

_____/

## CORRECTED FIRST AMENDED COMPLAINT

### Count I:  Family and Medical Leave Act

Plaintiff, Valerie Mercurio, sues defendant, GSIRM Holdings, Inc. f/k/a Gulfshore Insurance, Inc., n/k/a Acrisure, LLC, d/b/a Gulfshore Insurance, and shows:

### Introduction and Summary

1.    This is a discrimination and retaliation claim by Valerie Mercurio, a then-60-year-old woman fired by GSIRM Holdings, Inc. f/k/a Gulfshore Insurance, Inc., *One*, after her having worked for the company 38 years, and, *Two*, within three weeks of her returning from a 12-week

**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL  33301 • 954.462.1983

absence taken pursuant to the Family and Medical Leave Act ("FMLA") to recover from rotator-cuff surgery.  She sues both the Florida corporation that employed (and fired) her and its corporate successor, Acrisure, LLC, a Michigan limited liability company that is GSIRM's corporate successor.  The only reasons given to Ms. Mercurio as she was fired was that her "heart isn't in it anymore" and that her sales were low — although they were not so low as those of three substantially younger male agents, none of whom had been on FMLA leave.  The termination of Ms. Mercurio by Bradley A. Havemeier — a director and the president of Gulfshore/GSIRM prior to its being absorbed by Acrisure, LLC, and the "president" of Acrisure's Naples office still doing business under the old name of "Gulfshore Insurance" — occurred October 1, 2018.  Her termination date was less than three months before the company changed its name to GSIRM Holdings, Inc. and Acrisure, LLC began doing business as "Gulfshore Insurance."  Ms. Mercurio brings her retaliation claim pursuant to the FMLA and her discrimination claims pursuant to the Florida Civil Rights Act of 1992 ("FCRA"), under each of which she seeks all available relief against GSIRM Holdings, Inc. and its successor, Acrisure, LLC.

### Jurisdiction and Venue

2.     This Court has federal-question jurisdiction over Mercurio's FMLA claim pursuant to 28 U.S.C. § 1331; it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because her FCRA discrimination claims are so

related to her FMLA termination claim that "they form part of the same case or controversy under Article III of the United States Constitution."

3.    Venue is proper in the Fort Myers division of the Middle District of Florida because the cause of action arose in Collier County, which is where Ms. Mercurio resides, where Gulfshore/GSIRM maintained its principal place of business, where Acrisure and the former management of Gulfshore/ GSIRM currently operates "Gulfshore Insurance" and where the claims arose.

## Parties

4.    Valerie Mercurio at all times material was a 60-year-old woman whom Gulfshore had employed since October 28, 1980.  She was protected:

a.    by the FMLA, 29 U.S.C. § 2601, et seq., because she was fired less than a month after her return to work;

b.    by the FCRA, § 760.01, et seq., Fla. Stat., because she was, after 38 years on the job, presumptively qualified and was:

i.    over 40 years old, and therefore protected the FCRA's age-discrimination provision, and

ii.    a woman, and therefore protected by the FCRA's sex-discrimination provision.

5.    Gulfshore/GSIRM is a Florida corporation that at all times material was:

a.    "engaged in commerce or in any industry or activity

affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year," 29 U.S.C. § 2611(4)(A)(i), and is therefore an "employer" as defined by the FMLA; and

b.     "employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year," § 760.02(7), FLA. STAT., and therefore an "employer" as defined by the FCRA.

6.     Acrisure is:

a.     an employer under the FMLA and the FCRA, as more particularly alleged in ¶¶ 5(a) and (b) concerning Gulfshore/GSIRM;

b.     the successor to Gulfshore as regards Mercurio's claims under the FMLA and FCRA because:

i.     Acrisure, on information and belief, had notice of Ms. Mercurio's claims based on:

(1)     The Equal Employment Opportunity Commission's having received Ms. Mercurio's charge of discrimination November 5, 2018, which charge not only initiated her claims for age and gender discrimination, but also noted by way of background that she had been fired shortly after returning from FMLA leave;

(2)     The EEOC's policy and practice of notifying within 10 days any employer against which a charge has been filed, and

(3)     Bradley A. Havemeier's successive roles as a director and the president of Gulfshore/GSIRM prior to Acrisure's acquiring it and then "president" of Acrisure's fictitiously named "Gulfshore Insurance";

ii.     Gulfshore/GSIRM, prior to being acquired by Acrisure and after receiving the charge of discrimination, had the ability to reinstate Ms. Mercurio and to reimburse her for her lost wages, and

iii.     There has been sufficient continuity in the business operations of the Gulfshore/GSIRM by Acrisure to justify imposition of liability, e.g.:

(1)     Bradley A. Havemeier, the "president" of Acrisure's Naples business, according to its website, is licensed by the Florida Department of insurance at its address — as is Gregory W. Havemeier, another director of Gulfshore/GSIRM;

(2)     Acrisure is using the same name, "Gulfshore Insurance";

(3)     Acrisure is in the same business as was Gulfshore/GSIRM, i.e., insurance;

(4)     Acrisure is housed in the same physical plant as was Gulfshore/GSIRM, i.e., 4100 Goodlette Road North — a building owned by an LLC of which Bradley A. Havemeier is the sole manager.

### Conditions Precedent

7.     All conditions precedent have been satisfied, have been waived

or would be futile.

## General Allegations

8.      Ms. Mercurio was terminated October 1, 2018 by Gulfshore as an insurance agent, a position that she he had held (with various job titles and responsibilities) since being hired October 24, 1980; the corporation changed its name to GSIRM Holdings, Inc. December 10, 2018.

9.      Ms. Mercurio was fired within three weeks of returning from 12 weeks that she took off pursuant to the Family and Medical Leave Act to have a torn rotator cuff repaired.

10.     Gulfshore's president, Mr. Havemeier, told Ms. Mercurio that she was being terminated because she wasn't meeting her sales goals and (without elaboration) that her "heart is no longer in it."

11.     Sales records that Ms. Mercurio had seen just before the October 1 meeting, however, showed that three substantially younger males (who did not similarly get fired) had lower sales than she did — notwithstanding a substantially easier commercial market to which to sell than the personal lines market to which Gulfshore assigned Ms. Mercurio; none of the lower-performing young men had been out on FMLA leave.

12.     Mr. Havemeier's response to Ms. Mercurio's assertion about the three younger male agents' low production was to tell Ms. Mercurio, "don't even go there."

13.     Gulfshore/GSIRM's firing Ms. Mercurio because she had taken

time off for surgery and recovery pursuant to her rights under the FMLA —
causation of which can be inferred from the temporal proximity of her
return to work and her termination — violated the FMLA.

14.    As a direct, natural, proximate and foreseeable result of the
actions of Gulfshore/GSIRM, Ms. Mercurio has suffered past and future
pecuniary losses, i.e., lost wages, a forced buy-back of her shares in
Gulfshore at a low price (just as Acrisure was about to acquire Gulfshore)
and employment benefits as envisioned by 29 U.S.C. § 2617(a)(1)(A)(i)
and (ii).

15.    Gulfshore/GSIRM's firing Ms. Mercurio because she had taken
time off pursuant to the FMLA was willful, as envisioned by 29 U.S.C. §
2617(c)(2), entitling Ms. Mercurio to recover liquidated damages pursuant
to 29 U.S.C. § 2617(a)(1)(A)(iii).

16.    Ms. Mercurio is additionally entitled, pursuant 29 U.S.C.
§ 2617(a)(1)(B), to equitable relief, e.g., reinstatement or front pay.

17.    Ms. Mercurio is entitled to recover reasonable attorneys' fees
and litigation expenses pursuant to 29 U.S.C. 2617(a)(3).

WHEREFORE, Plaintiff, Valerie Mercurio, prays that this Court will:

*One*, enter a judgment that Gulfshore/GSIRM's termination of Ms.
Mercurio violated Ms. Mercurio's rights under the FMLA;

*Two*, enjoin Gulfshore/GSIRM, its successor Acrisure and their agents
from continuing to violate Plaintiff's statutory rights under the FMLA and to

make Ms. Mercurio whole through reinstatement into Acrisure, back pay and restoration of seniority and benefits;

*Three*, enter a judgment for Ms. Mercurio and against Gulfshore/ GSIRM and Acrisure, jointly and severally, for damages, including liquidated damages;

*Four*, grant Ms. Mercurio her costs, reasonable attorney's fees and litigation expenses, and

*Five*, grant Ms. Mercurio such other and further relief as is just.

### Count II:  FCRA Claim for Age Discrimination

18.    Plaintiff, Valerie Mercurio, realleges and adopts, as if fully set forth in Count II, the allegations of ¶¶ 1, 2, 3, 4(b)(i), 5(b), 6, 7, 8, 10, 11 and 12.

### Applicable Statutory Provisions

19.    The FCRA provides in pertinent part at § 760.10(1), Fla. Stat., as follows:

It is an unlawful employment practice for an employer:

(a) To discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such  individual's . . . sex, . . . [or] age. . . .

(b) To limit, segregate, or classify employees ... in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's . . . sex, . . . [or] age. . . .

**General Allegations**

20.    Gulfshore/GSIRM's firing Ms. Mercurio because her sales were down, but not firing three substantially younger males who were similar to her in all meaningful respects, raised the inference of age discrimination in violation of § 760.10(1), FLA. STAT.

21.    As a direct, natural, proximate and foreseeable result of the actions of Gulfshore/GSIRM, Ms. Mercurio has suffered past and future pecuniary losses (including not only lost wages, but also having been forced to sell back her shares in Gulfshore at a low price just as Acrisure was about to acquire Gulfshore and losing her employee benefits), emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

22.    In acting as it did towards Ms. Mercurio, Gulfshore/GSIRM acted with reckless indifference towards Ms. Mercurio's statutory rights against age discrimination, thereby justifying an award of punitive damages against it.

23.    The age discrimination that Ms. Mercurio suffered, in violation of her statutory rights to be free from such discrimination, constituted irreparable harm for which there is no adequate remedy at law, thereby entitling her to equitable relief, e.g., reinstatement or front pay.

24.    Ms. Mercurio is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Valerie Mercurio, prays that this Court will:

*One*, enter a judgment that Gulfshore/GSIRM's termination of Ms. Mercurio violated Ms. Mercurio's rights against age discrimination under the Florida Civil Rights Act of 1992;

*Two*, enjoin Gulfshore/GSIRM, its successor Acrisure and their agents from continuing to violate Plaintiff's statutory rights under the FMLA and to make Ms. Mercurio whole through reinstatement into Acrisure, back pay and restoration of seniority and benefits;

*Three*, enter a judgment for Ms. Mercurio and against Gulfshore/GSIRM and Acrisure, jointly and severally, for damages, including punitive damages;

*Four*, grant Ms. Mercurio her costs, reasonable attorney's fees and litigation expenses, and

*Five*, grant Ms. Mercurio such other and further relief as is just.

### Count III:  FCRA Claim for Sex Discrimination

25.    Plaintiff, Valerie Mercurio, realleges and adopts, as if fully set forth in Count III, the allegations of ¶¶ 1, 2, 3, 4(b)(ii), 5(b), 6, 7, 9, 10, 11, 12, 19 and 24.

26.    Gulfshore/GSIRM's firing Ms. Mercurio because her sales were down, but not firing three substantially younger males who were similar to her in all meaningful respects, raised the inference of sex discrimination in

violation of § 760.10(1), FLA. STAT.

27.    As a direct, natural, proximate and foreseeable result of the actions of Gulfshore/GSIRM, Ms. Mercurio has suffered past and future pecuniary losses (including not only lost wages, but also having been forced to sell back her shares in Gulfshore at a low price just as Acrisure was about to acquire Gulfshore and losing her employee benefits), emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

28.    In acting as it did towards Ms. Mercurio, Gulfshore/GSIRM acted with reckless indifference towards Ms. Mercurio's statutory rights against sex discrimination, thereby justifying an award of punitive damages against it.

29.    The sex discrimination that Ms. Mercurio suffered, in violation of her statutory rights to be free from such discrimination, constituted irreparable harm for which there is no adequate remedy at law, thereby entitling her to equitable relief, e.g., reinstatement or front pay.

WHEREFORE, Plaintiff, Valerie Mercurio, prays that this Court will:

*One*, enter a judgment that Gulfshore/GSIRM's termination of Ms. Mercurio violated Ms. Mercurio's rights against sex discrimination under the Florida Civil Rights Act of 1992;

*Two*, enjoin Gulfshore/GSIRM, its successor Acrisure and their agents from continuing to violate Plaintiff's statutory rights under the FMLA and to

make Ms. Mercurio whole through reinstatement into Acrisure, back pay and restoration of seniority and benefits;

 **Three**, enter a judgment for Ms. Mercurio and against Gulfshore/ GSIRM and Acrisure, jointly and severally, for damages, including punitive damages;

 **Four**, grant Ms. Mercurio her costs, reasonable attorney's fees and litigation expenses, and

 **Five**, grant Ms. Mercurio such other and further relief as is just.

       Respectfully submitted,

       */s/ Karen Coolman Amlong*
       KAREN COOLMAN AMLONG
       Florida Bar Number 275565
       KAmlong@TheAmlongFirm.com
       The Amlong Firm
       Eservice@TheAmlongFirm.com
       500 Northeast Fourth St.
       Suite 101
       Fort Lauderdale, Florida  33301
       (954)462-1983

       ***Attorneys for Plaintiff,***
        ***Valerie Mercurio***

\\amlong3\cpshare\CPWin\HISTORY\200520_0001\1611.17