UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VALERIE MERCURIO,

    Plaintiff,

v.                                   Case No.:   2:21-cv-729-SPC-NPM

GSIRM HOLDINGS, INC and
ACRISURE, LLC,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is Defendants GSIRM Holdings, Inc. and Acrisure, LLC's Motion to Dismiss (Doc. 25), along with Plaintiff Valerie Mercurio's response in opposition (Doc. 37). For the below reasons, the Court denies the Motion.

## **BACKGROUND**[2]

This is an employment discrimination and retaliation suit. Plaintiff worked for Defendants' predecessor for nearly four decades before she was

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] As it must, the Court treats the factual allegations in the Corrected First Amended Complaint as true and construes them in the light most favorable to her. *See Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).

fired. Plaintiff says her supervisor claims to have fired her because "her heart [wa]s no longer in" her job and she was underperforming. (Doc. 8 at 6). But she claims she was really fired because she was (then) a sixty-year-old female who had just returned from medical leave three weeks earlier. Plaintiff also asserts that "three substantially younger males" who did not take medical leave and performed worse than her were not fired. (Doc. 8 at 6).

Plaintiff now sues Defendants for unlawful retaliation under the Family and Medical Leave Act ("FMLA"), and gender and age discrimination under the Florida Civil Rights Act. (Doc. 1; Doc. 8). Defendants move to dismiss the claims.

**LEGAL STANDARDS**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (alterative in original) (citations omitted). "Factual allegations must be enough to raise a right above the speculative level[.]" *Id.* And when

considering a motion to dismiss, courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Iqbal,* 556 U.S. at 678.

## DISCUSSION

**A. Count I: FMLA Retaliation**

Under the FMLA's anti-retaliation provision, an employer is prohibited from "discharging or in any other manner discriminating against any individual" for asserting her rights under the statute. 29 U.S.C. § 2615(a)(2). To state a claim for retaliation, an employee must allege sufficient facts to plausibly suggest that "(1) [s]he engaged in statutorily protected activity; (2) [s]he suffered an adverse employment decision; and (3) that the decision was casually related to the protected activity." *Strickland v. Water Words and Sewer Bd. of Birmingham,* 239 F.3d 1199, 1207 (11th Cir. 2001). Defendants challenge only the third element.

To satisfy the causation prong, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated. For purposes of a prima facie case, close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated." *Freytes-Torres v. City of Sanford,* 270 F. App'x 885, 893 (11th Cir. 2008) (quotations and citation omitted). Here, Plaintiff alleges to have been fired within three weeks of returning from her qualified FMLA

3

leave. Based on the close temporal proximity between her return from FMLA leave and her firing, the Court can reasonably infer that Defendants discriminated against her for taking the leave. *See, e.g.*, *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir. 2007) ("[M]ere temporal proximity, without more, must be very close," and "[a] three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." (citation omitted)). But Plaintiff doesn't stop there. She also alleges that three former coworkers with worse performance numbers and who did not take FMLA leave were not discharged. Viewing these facts in a light most favorable to Plaintiff, she has sufficiently pled an FMLA retaliation claim. Count I thus states a plausible claim for FMLA retaliation.

**B. Counts II and III: Age and Sex Discrimination**

Under the FCRA, an employer cannot discharge or otherwise discriminate against an individual because of her sex or age. Fla. Stat. § 760.10; *cf. Smith v. Naples Comty. Hosp., Inc.,* 433 F. App'x 797, 799 (11th Cir. 2011) ("Because the FCRA is patterned after Title VII, courts generally apply Title VII case law to discrimination claims brought under the FCRA."). To allege a prima facie case of discrimination, the plaintiff must show she (1) is a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment action; and (4) a similarly situated individual

4

outside her protected class was treated more favorably. *See, e.g.*, *Kragor v. Takeda Pharms. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012).

But the prima face case for discriminatory employment decisions "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). This means a plaintiff need not "establish a prima facie age-discrimination [or sex discrimination] case in order to survive a Rule 12(b)(6) motion to dismiss." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018); *Shah v. Orange Park Med. Ctr., Inc.*, No. 3:14-cv-1081, 2016 WL 4943925, at *4 (M.D. Fla. Sept. 16, 2016). While a plaintiff need not make out a prima facie case to survive dismissal, she must still satisfy the basic pleading standards to allege unlawful discrimination and retaliation. *See Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th Cir. 2015) ("Still, in order to avoid dismissal, a plaintiff's complaint must provide enough factual matter (taken as true) to suggest intentional discrimination." (cleaned up)).

Defendants do not contest that Plaintiff is in protected classes, that she was fired, or that she was qualified to do the job. They only dispute whether she was treated less favorably than similarly situated individuals outside her protected classes. But Plaintiff otherwise alleges enough facts to meet her burden at this stage: Defendants fired Plaintiff, a sixty-year-old female, but retained three younger male workers in the same job position and whose sales

5

performance was lower than Plaintiff. Taking these allegations as true and drawing every reasonable inference in her favor, Plaintiff plausibly alleges that Defendants treated similar employees differently based on age and sex. *See Swierkiewicz,* 534 U.S. at 512 ("Given that the prima face case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."). Although pleading the ages of her male coworkers would have strengthen her claims, it wasn't necessary. *See Buchanan,* 729 F. App'x at 642 (observing that a plaintiff need only "allege [ ] facts adequate to raise her right to relief above a speculative level" at the pleading stage). In the end, Plaintiff has advanced plausible claims that Defendants discriminated against her based on her age and sex under the FCRA. The Court thus denies Defendants' motion as to Counts 2 and 3.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. 25) is **DENIED**. Defendants must answer the Amended Complaint on or before **April 11, 2022.**

**DONE and ORDERED** in Fort Myers, Florida on March 28, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

6